UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE

In re: Bankruptcy Case

Anthia K. Hendrix

Case No. __2032684___

Chapter __7_____

Debtor(s)

---

## PRO SE MOTION TO STAY JUDGMENT LIEN/COLLECTIONS

---

**COMES THE DEBTOR**, Anthia Hendrix, *Pro Se*, and moves this Court to stay all liens, levies, auctions and other collection efforts by the Claimants, including attorneys' fees pursuant to the Trial Court's September 10th, 2020 Order (Exhibit A), which is currently being appealed in the Tennessee Court of Appeals at Knoxville, pending Ms. Hendrix's bankruptcy in accordance with T.R.A.P. 7(a), Tenn. R. Civ. P. 62.02, and 62.09. Ms. Hendrix has suffered the loss of her son, her medical conservatorship, her savings and now her inheritance, and is reduced to representing herself pro se. Ms. Hendrix therefore invokes her constitutional pro se rights:

*Boyd v. United*, 116 U.S. 616 at 635 (1885)
> Justice Bradley, "It may be that it is the obnoxious thing in its mildest form; but illegitimate and unconstitutional practices get their first footing in that way; namely, by silent approaches and slight deviations from legal modes of procedure. This can only be obviated by adhering to the rule that constitutional provisions for the security of persons and property should be liberally construed. A close and literal construction deprives them of half their efficacy, and leads to gradual depreciation of the right, as if it consisted more in sound than in substance. It is the duty of the Courts to be watchful for the Constitutional Rights of the Citizens, and against any stealthy encroachments thereon. Their motto should be Obsta Principiis."

*Conley v. Gibson*, 355 U.S. 41 at 48 (1957)
> "Following the simple guide of Rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice.

1

*Davis v. Wechler*, 263 U.S. 22, 24; *Stromberb v. California*, 283 U.S. 359; *NAACP v. Alabama*, 375 U.S. 449

> "The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice."

*Downs v. Bidwell*, 182 U.S. 244 (1901)

> "It will be an evil day for American Liberty if the theory of a government outside supreme law finds lodgment in our constitutional jurisprudence. No higher duty rests upon this Court than to exert its full authority to prevent all violations of the principles of the Constitution."

*Gomillion v. Lightfoot*, 364 U.S. 155 (1966), cited also in Smith v. Allwright, 321 U.S. 649.644

> "Constitutional 'rights' would be of little value if they could be indirectly denied."

*Haines v. Kerner*, 404 U.S. 519 (1972)

> "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers."

*Jenkins v. McKeithen,* 395 U.S. 411, 421 (1959); *Picking v. Pennsylvania R. Co.,* 151 Fed 2nd 240*; Pucket v. Cox,* 456 2nd 233

> Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers.

*Miranda v. Arizona*, 384 U.S. 426, 491; 86 S. Ct. 1603

> "Where rights secured by the Constitution are involved, there can be no 'rule making' or legislation which would abrogate them."

*Norton v. Shelby County*, 118 U.S. 425 p. 442

> "An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, as inoperative as though it had never been passed."

*Puckett v. Cox*, 456 F. 2d 233 (1972) (6th Cir. USCA)

> It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in *Conley v. Gibson* (see case listed above).

On May 25, 2020, Ms. Hendrix's father passed away and left a modest estate to be divided between Ms. Hendrix and other family members. When the Trial Court learned of Ms. Hendrix's inheritance in Washington State probate (approximately $150,000), Ms. Hendrix's petition to remove conservator was stricken and all attorneys' fees were taxed to her for what has been a two-and-a-half-year long restraining order case without admissible evidence as required

2

by law. That case is currently being appealed.

Reasons given in Exhibit A for waiving the initial stay were unsubstantiated allegations contested by Ms. Hendrix and her adult disabled son (the Ward), and for which no evidence was provided. Further, the Ward's testimony in Ms. Hendrix's defense was deliberately excluded throughout the proceedings, including at trial. Legal fees and costly medical evaluations throughout the lengthy case caused such financial hardship for Ms. Hendrix that she was forced to retire on social security after exhausting her savings and going into debt while searching for new employment.

While Ms. Hendrix grieves the loss of her father and stepmother to COVID, she had planned to use her inheritance to pay off approximately $28,000 in credit card debt and still have money to supplement her retirement. The Trial Court ended that hope with a money judgment of $115,109 and a baseless waiver that did not wait while Ms. Hendrix appealed the case pursuant to statutory rights. Ms. Hendrix is forced to declare bankruptcy even while she appeals the Trial Court case pro se. Ms. Hendrix is a 68-year-old mother who spent her life working to support her disabled son and late daughter without assistance or support of any kind from her ex-husband or her older, surviving daughter Jennifer McKaig, who instead impugned her mother to have her conservatorship removed out of malice and then went on to file a string of restraining orders against her and even sought her elderly mother's incarceration on false contempt charges.

Ms. McKaig's current attorney, Jodi Loden, admitted fabricating the false affidavit that was used as the basis for expanding the void TRO to a no-contact order in July 2019, which remains in effect today without evidence or witness testimony.

WHEREFORE, Ms. Hendrix moves this Court to stay collection efforts and the Trial Court money judgment lien/levy and related collection efforts by Jodi Loden (Jennifer N. McKaig), Daniel Forrester, and Jennifer Chadwell, including the foreign judgment and

3

auction/levy (Exhibits B and C) filed in King County Washington by Jodi Loden.

Respectfully submitted this 9th day of December, 2020.

*Anthea Hendrix*
Anthea Hendrix, *Pro Se*
107 Flenniken Ave, Apt 201
Knoxville, TN 37920
Phone: 615-891-8337
Email: akh129@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Motion was duly served upon all counsel of record herein by mailing a copy of the same via e-mail:

Jodi B. Loden, Attorney for Respondent
jodi.loden@petersonwhite.com

Jennifer Chadwell, Guardian Ad Litem
Jchadwell@jenniferchadwellattorney.com

H. Daniel Forrester, Attorney Ad Litem
forresterlaw@comcast.net

*Anthea Hendrix*
Anthea Hendrix, *Pro Se*
107 Flenniken Ave, Apt 201
Knoxville, TN 37920
Phone: 615-891-8337
Email: akh129@yahoo.com

EXHIBIT A – September 10, 2020 Order Waiving Initial Stay

IN THE CHANCERY COURT FOR ANDERSON COUNTY, TENNESSEE

ANTHEA HENDRIX TOUTGES, )
    Petitioner, )
     )
v. ) No. 01CH1436
     )(NOTICE OF ENTRY REQUESTED)
     )
JENNIFER McKAIG, )
    Respondent. )

IN RE:    THE LIMITED CONSERVATORSHIP OF JOEL McKAIG

**ORDER**

This cause came to be heard on the 21st day of August, 2020, for this Court to determine the amount of attorney fees and costs to be taxed against the Petitioner, Anthea Hendrix Toutges. This Court, already finding that the costs and fees shall be taxed against the Petitioner, do hereby find and order as follows:

1. That the attorney fees, costs, and expenses of the Respondent's Attorney, Jodi B. Loden, is hereby awarded in the amount of $78,784.20.

2. That the Guardian Ad Litem, Jennifer Chadwell, is awarded attorney fees in the amount of $19,040.00

3. That the attorney ad litem, Henry Daniel Forrester, is hereby awarded $17,285.00 in attorney fees.

4. That pursuant to Rule 62.01 of the Tennessee Rules of Civil Procedure, this Honorable Court rules that the initial stay on the Court's attorney fees and costs

judgment shall be lifted as the evidence in this case and the past conduct of Petitioner, Anthea Hendrix Toutges, the party against whom the judgment is taken, is likely to attempt to fraudulently dispose of, conceal, and or remove her portion from inheritance proceeds from the Estate of Bruce Hendrix and/or other assets she may have so as to attempt to avoid enforcement of this Court's judgments, thereby endangering the satisfaction of the judgment.

The Court further finds that the billing, time, and expense spent on this case and presented by all counsel of record was appropriate, specifically detailed, and the hourly rate billed was appropriate and well within the fee average this Court has viewed when awarding fees on other cases.

IT IS THEREFORE ORDERED that the Respondent's Attorney, Jodi B. Loden, is hereby awarded that Respondent's attorney, Jodi B. Loden, is awarded judgment against the Respondent, Anthea Hendrix Toutges, in the amount of $78,784.20 for which execution may issue if necessary. The Stay on the collection of the judgment is waived pursuant to Tennessee Civil Procedure Rule 62.01.

IT IS THEREFOR ORDERED that the Guardian Ad Litem, Jennifer Chadwell, is awarded judgment Against the Petitioner, Anthea Hendrix Toutges, in the amount of $19,040.00, for which execution may issue if necessary. The Stay on the collection of the judgment is waived pursuant to Tennessee Civil Procedure Rule 62.01.

IT IS THEREFORE ORDERED that the Attorney Ad Litem, Henry Daniel Forrester is awarded judgment against the Petitioner, Anthea Hendrix Toutges, in the

2

6

amount of $17,285.00 for which execution may issue if necessary. The Stay on collection of this judgment is waived pursuant to Tennessee Civil Procedure Rule 62.01.

ENTERED and ORDERED this **10th** day of **September**, 2020.

*M. Nichole Cantrell*
HONORABLE M. NICHOLE CANTRELL

APPROVED FOR ENTRY:

*[signature]*
H. Daniel Forrester, III
Attorney Ad Litem
224 N. Main Street
Clinton, TN 37716
(865) 4547-7900

*Jodi Loden by permission*
Jodi Loden
Attorney for Jennifer McKaig
Peterson White Law Firm
6330 Baum Drive
Knoxville, TN 37919

*Jennifer Chadwell by permission*
Jennifer Chadwell
Guardian Ad Litem
P.O. Box 4038
Oak Ridge, TN 37830

EXHIBIT B – September 10, 2020 Foreign Judgment

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

ANTHEA HENDRIX TOUTGES,

    Petitioner,

v.

JENNIFER MCKAIG,

    Respondent.

NO.

**NOTICE OF ENTRY OF FOREIGN JUDGMENT**

(Entry of Foreign Judgment – RCW 6.36.035)

TO: The Clerk of the Court;
AND TO: Anthea Hendrix Toutges;
AND TO: All Interested Parties.

Notice is hereby given of the entry of a foreign judgment in the Chancery Court for Anderson County, Tennessee in the above-entitled Court against Anthea Hendrix Toutges. The Judgment was entered on September 10, 2020, and will expire after a 10-year period on September 10, 2030.

## JUDGMENT SUMMARY

| 1. | Judgment Creditor: | Jodi B. Loden |
|---|---|---|
| 2. | Attorney for Judgment Creditor: | Jason W. Burnett<br>Reed Longyear Malnati & Ahrens, PLLC<br>801 Second Ave., Ste. 1415<br>Seattle, WA 98104 |
| 3. | Judgment Debtor: | Anthea Hendrix Toutges |
| 4. | Principal Judgment Amount: | $74,784.20 |
| 5. | Filing & Expiration Dates of Judgment in Tennessee | Filed: 9/10/2020<br>Expires: 9/10/2030 |
| 6. | **TOTAL PRINCIPAL JUDGMENT:** | $74,784.20 |

**TOTAL JUDGMENT TO BEAR INTEREST AT 12% PER ANNUM,
PER RCW 4.56.110(6) & RCW 19.52.020**

NOTICE OF ENTRY OF FOREIGN
JUDGMENT RCW 6.36.035 - 1

REED
LONGYEAR
801 Second Avenue, Suite 1415
Seattle, Washington 98104-1517
(206) 624-6271 Fax (206) 624-6672

The last known address for the Judgment Debtor is:

Anthea Hendrix Toutges
107 Flenniken Ave., #201
Knoxville, TN 37920

Dated this 29th day of September, 2020, at Seattle, Washington.

REED LONGYEAR MALNATI & AHRENS, PLLC

_____
Jason W. Burnett, WSBA #30516
of Attorneys for Jodi Loden, Judgment Creditor
801 2nd Avenue, Suite 1415
Seattle, WA 98104
jburnett@reedlongyearlaw.com
cc: mmacdonald@reedlongyearlaw.com (paralegal)

EXHIBIT C – Auction/Levy Order



## IN THE SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

ANTHEA HENDRIX TOUTGES
    Plaintiff,

vs.

JENNIFER MCKAIG
    Defendants,

Cause No: 20-2-14509-2 SEA

SHERIFF'S NOTICE OF LEVY
AND
NOTICE OF SALE

---

TO: ANTHEA HENDRIX TOUTGES, Judgment Debtor(s)

YOU ARE HEREBY NOTIFIED that under and by virtue of a Writ of Execution issued out of the Superior Court of the State of Washington, in and for the County of King before the Honorable Jim Rogers, on the 6th of November 2020, in the above entitled action, by the Clerk of the Court thereof, and to me as Sheriff directed and delivered a copy of which Execution is hereto attached, I do hereby levy upon:

**PROPERTY:**

**AS MUCH OF THE INHERITABLE INTEREST OF ANTHEA HENDRIX TOUTGES FROM THE ESTATE OF BRUCE DELANO HENDRIX, KING COUNTY PROBATE CASE NO. 20-4-03938-9 KNT AS IS NECESSARY TO FULLY SATISFY THE JUDGMENT ENTERED UNDER KING COUNTY CASE NO. 20-2-14509-2 SEA.**

Which personal property, I as Sheriff, now retain in my possession under said Writ.

YOU ARE FURTHER NOTIFIED that I will proceed to sell said personal property on the 6th day of January 2021, at the hour of Ten o'clock a.m. of said day outside the 4th Avenue entrance to the King County Administration Building, 500 4th Avenue, in the City of Seattle, King County, Washington. At that time and place, I will sell all the right, title, and interest of the Judgment Debtors, in and to the above described personal property at public auction, to the highest bidder for cash, to satisfy the judgment and costs.

Dated this the 13th day of November 2020.

SHERIFF MITZI JOHANKNECHT
KING COUNTY, WASHINGTON

By: Hugo Esparza
    Deputy

ATTORNEY:
REED LONGYEAR MALNATI & AHRENS PLLC
801 SECOND AVENUE
SUITE 1415
SEATTLE, WA 98104-1517
206-624-6271

\\kcsomondo5\CivilServe\Returns\2020\11\215953.docx

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ANTHEA HENDRIX TOUTGES,<br><br>Petitioner,<br><br>v.<br><br>JENNIFER MCKAIG,<br><br>Respondent. | NO. 20-2-14509-2 SEA<br><br>WRIT OF EXECUTION<br><br>**PERSONAL PROPERTY** |

**STATE OF WASHINGTON TO THE SHERIFF OF KING COUNTY**, Greetings:

Judgment Creditor, Jodi Loden, attorney for Respondent Jennifer McKaig, obtained a judgment against ANTHEA HENDRIX TOUTGES in the King County Superior Court for the State of Washington on September 29, 2020, under King County Superior Court Judgment No. 20-2-14509-2 SEA as follows:

| 1. | Judgment Creditor: | Jodi B. Loden |
|---|---|---|
| 2. | Attorney for Judgment Creditor: | Jason W. Burnett<br>Reed Longyear Malnati & Ahrens, PLLC<br>801 Second Ave., Ste. 1415<br>Seattle, WA 98104 |
| 3. | Judgment Debtor: | Anthea Hendrix Toutges |
| 4. | Principal Judgment Amount: | $74,784.20 |
| 5. | Filing & Expiration Dates of Judgment in Tennessee | Filed: 9/10/2020<br>Expires: 9/10/2030 |
| 6. | Filing & Expiration Dates of Judgment in Washington | Filed: 9/29/2020<br>Expires: 9/10/2030 |
| 7. | **TOTAL PRINCIPAL JUDGMENT:** | $74,784.20 |

WRIT OF EXECUTION - 1





REED LONGYEAR MALNATI AHRENS PLLC

801 Second Avenue, Suite 1415
Seattle, Washington 98104-1517
(206) 624-6271

## TOTAL JUDGMENT TO BEAR INTEREST AT 12% PER ANNUM, PER RCW 4.56.110(6) & RCW 19.52.020

There has been no partial satisfaction or other credit or offset against the judgment, principal, costs, or interest other than set forth above. The total amount which is currently owed on the judgment is $74,784.20 accruing interest at the rate of 12% simple interest ($24.59 daily). An amortization table with daily interest calculated is attached.

NOW, THEREFORE, in the name of the State of Washington, you, the said Sheriff, are hereby commanded forthwith to take this Writ with the attached copies of the exemption statutes to levy upon, seize, and take into possession and execution, the non-exempt personal property of the below-named Judgment Debtor(s), in your county, sufficient to execute on and to satisfy the judgment, interest and increased interest, costs and increased costs, and attorneys' fees, and sell that property according to law, and to make return of this Writ within sixty (60) days to the Clerk who issued it, on the basis of the following-described Judgment:

The description and value of the property known or believed to belong to the defendant that is subject to this Writ is set forth below:

1. As much of the inheritable interest of Anthea Hendrix Toutges from the Estate of Bruce Delano Hendrix, King County Probate Case No. 20-4-03938-9 KNT as is necessary to fully satisfy the judgment entered under King County Case No. 20-2-14509-2 SEA.

    Value: $74,784.20, plus interest from 9/29/2020

    Location: James J. Dore, Jr., WSBA #22106
    1122 West James Street
    Kent, WA 98032

    Estate's Personal Representative: James J. Dore, Jr., WSBA #22106
    1122 West James Street
    Kent, WA 98032

WRIT OF EXECUTION - 2

REED LONGYEAR
801 Second Avenue, Suite 1415
Seattle, Washington 98104-1517
(206) 624-6271

Judgment Debtor's Address (Pro Se): Anthea Hendrix Toutges
107 Flenniken Ave., #201
Knoxville, TN 37920

YOU ARE FURTHER COMMANDED to endorse in ink on the writ the day, hour and minute when the Writ first came into your hands. Execute on the Writ and return it to the clerk of the court who issued it within sixty (60) days of its date along with a report of proceedings showing how you have executed on the writ.

YOU ARE FURTHER COMMANDED that this Writ may be extended for thirty (30) days for purposes of sale only pursuant to RCW 6.21.050.

YOU ARE FURTHER COMMANDED to break and enter the premises of the Defendant in order to execute this Writ.

WITNESS the Honorable _____JIM ROGERS_____, Judge of the Superior Court for the County of King, this date of __NOV 0 6 2020__.

**BARBARA MINER**
Clerk of the Court
By **H. MAK**
Deputy Clerk

Presented By:

REED, LONGYEAR, MALNATI & AHRENS, PLLC

/s/ Jason W. Burnett
Jason W. Burnett, WSBA #30516
Attorneys for Judgment Creditor
801 Second Ave., Ste. 1415
Seattle, WA 98104

WRIT OF EXECUTION - 3

REED LONGYEAR
REED LONGYEAR MALNATI AHRENS PLLC
801 Second Avenue, Suite 1415
Seattle, Washington 98104-1517
(206) 624-6271